## CHAMBLEE v. STOKES.

PLEADING : *Exhibits, when part of complaint.*

In an action by a mortgagee for the recovery of personal property, claiming to be the owner by virtue of the mortgage, the mortgage is not the foundation of the action, and though filed with the complaint, is no part of it but is simply evidence for the plaintiff to be used at the trial.

APPEAL from *Arkansas* Circuit Court.

Hon. JOHN A. WILLIAMS, Circuit Judge.

HARRISON, J. :

This was an action of replevin for a horse, commenced before a justice of the peace.

The cause of action was stated in the complaint, as follows :

'' The plaintiff, J. W. Chamblee, states that he is the owner

by virtue of a certain deed of trust or chattel mortgage ex-- ecuted by James L. Bigham to plaintiff on the 22d day of March, 1875, and entitled to the possession of one sorrel horse, about six years old, and known by the name of Poodle ; that the said horse is worth ninety dollars ; that the defendant,. T. J. Stokes, has possession of said horse without right, and has unlawfully detained him from the plaintiff for one month.''

And the prayer was for the recovery of the possession of the horse and the sum of twenty-five dollars damages for his. detention.

The mortgage mentioned in the complaint was filed with the justice.

The plaintiff recovered judgment before the justice and the defendant appealed to the Circuit Court.

In the Circuit Court the defendant filed a demurrer to the complaint, upon the grounds :

1. That the complaint and the exhibit with the same, did not show a sufficient cause of action. 2. That the mortgage,. which it averred was the foundation of the action, was infor-- mal, vague, uncertain and insufficient. 3. That the mortgage did not state or show in which county the property was ; and 4. That the mortgage was usurious and void.

The court sustained the demurrer, and judgment was ren-- dered for the defendant.

The plaintiff appealed to this court.

The mortgage was not, as the demurrer assumes, the foun-- dation of the action, and it was, though filed with it, no part of the complaint. It was simply evidence for the plaintiff, to be used at the trial. *Newm. Plead. and Prac.*, 251, 619 ; *Vanghn* v. *Mills*, 18 B. Mon., 634 ; *Dodd* v. *King*, 1 Met., (Ky.) 430.

The facts stated in the complaint, without any reference to

the mortgage, show a cause of action, and the demurrer should have been overruled.

The judgment is reversed and the cause remanded to be proceeded in according to law.