FITZIMMONS *et al.* v. THE ACADEMY OF CHRISTIAN BROTHERS.

**Contract**: CONSTRUCTION: CUSTOM. Where contractors undertook to do the masonry of a building according to plans and specifications for the same, for the sum of $2 in addition to the price of rock per perch, and the evidence showed a custom prevailing, in ascertaining how much masonry had been completed so as to pay the demand of a mason for laying rock in a wall, to count corners twice, each corner constituting a part of two intersecting walls, also all openings for doors and windows as if they were solid matter; *Held*, the contractors were entitled, under their contract, to a measurement in accordance with said custom.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*Donovan & Conroy* for Christian Brothers College, appellant.

The court erred in admitting evidence of the usages of trade. *Pavey v. Burch,* 3 Mo. 447 ; *Martin v. Hall,* 26 Mo. 386 ; *Clamorgan v. Guisse,* 1 Mo. 141 ; *Kimball v. Brawner,* 47 Mo. 398 ; *Savings Bank v. Ward,* 100 U. S. 195 ; *Thompson v. Riggs,* 5 Wall. 663 ; *Insurance Co. v. Wright,* 1 Wall. 456 ; *Garrison v. Ins. Co.,* 19 How. (U. S.) 312 ; 1 Greenleaf Ev., (Redfield, 1st Ed.) § 292, p. 333, and cases cited in notes ; 3 Phillips Ev., (5 Am. Ed.) p. 198, notes ; 1 Best on Ev., (Am. Ed. 1875) p. 429, § 228. The usage of trade alleged was not proved. *Southwestern Freight & Cotton Compress Co. v. Stanard,* 44 Mo. 71 ; *Walsh v. Miss. Trans. Co.,* 52 Mo. 434 ; *Ober v. Carson,* 62 Mo. 209 ; *Adams v. Otterbeck,* 15 How. (U. S.) 539 ; *United States v. Buchanan,* 8 How. (U. S.) 38 ; *Garrison v. Ins. Co.,* 19 How. (U. S.) 312. The court erred in finding for respondents on their cause of action and upon the counter-claim of appellant.

*G. A. Castleman* for Fitzimmons & Laughlin, also appellants.

" *Quoties in verbis nulla est ambiguitas, ibi nulla expositio contra verba expressa fienda est.*" Coke's Littleton, 147a ; *Aguilla v. Rogers,* 7 T. R. 423 ; *Burnet v. Kensington,* 7 T. R. 222 ; *Gerrard v. Clifton,* 7 T. R. 674 ; 3 Parsons on Contracts, (6 Ed.) p. 495 ; Story on Contracts, (5 Ed.) § 780 ; Vattel's Law of Nations, B. 2, chap. 17, § 263 ; *Webb v. Ins. Co.,* 14 Mo. 8

MARTIN, C.—This was a suit on a building contract, and both parties have appealed from the circuit court and the court of appeals. The controversy has arisen about the

construction of the contract, there being no conflict of evidence as to the facts.

The plaintiffs as contractors, entered into a contract in writing with the defendant, wherein they undertook "to do the masonry in the Christian Brothers' College, at Cote Brilliant, according to plans and specifications for the same, for the sum of two (2) dollars, in addition to the price of rock per perch." The plaintiffs laid up all the masonry work of the building, which consisted of 3,410 11-22 perches of "rubble" masonry and 1,365 4-22 perches of "footings" masonry. They failed to furnish the rock required for this masonry, and the defendant purchased and paid for it to the quarrymen, who delivered it at the building at the price of $1.10 per perch for "rubble" rock, and $3.25 per perch for "footings" rock. There were 2,638 11-22 perches of "rubble" rock, and 1,189 11-22 perches of "footings" rock, and the sum total of the bill for rock amounted to $6,768.12. The testimony, as conceded by both parties, shows that according to the custom prevailing at St. Louis, two methods of measurement are employed among builders, contractors and material men. The use and application of these two methods is determined by the subject to be measured, and the object to be arrived at in each case. In order to ascertain how much rock is contained in a building, so as to pay the demand of the quarryman, the measurer reckons corners only once, and excludes all openings for doors, windows, etc. In this method the actual amount of material contained in the wall is ascertained, and is called quarryman's measure. In order to ascertain how much "masonry" has been completed so as to pay the demand of the mason for laying the rock in the wall, a different measurement is employed. The measurer counts corners twice, each corner constituting a part of two intersecting walls. He also counts all openings for doors and windows as if they were solid masonry. This is the builder's or mason's measurement. The distinction between it and the quarryman's measurement, rests upon the additional labor in the

dressing, facing and arching, which is required in turning corners, and constructing windows and doors. This extra labor is taken as equivalent to the labor of building the wall solid throughout the whole length and breadth of it.

This custom of measurement rests upon good reasons, otherwise, it would hardly have become the custom which it is admitted to be. The controversy springs from the two methods of measurement applied by the parties respectively, to the subject matter of the contract. Where there are no corners, doors or windows, the two measurements will produce the same number of perches. But where, as in this case, there were corners, doors and windows, the perches of "masonry" will exceed the perches of "rock." In this case the excess amounted to 947 15-22 perches. The defendant presents an account in which the method of measuring "masonry," as established by custom, is entirely ignored. In this account the amount of rock according to quarryman's measure, is stated, and the "masonry" finished by plaintiffs, is calculated at two dollars a perch, according to the same measurement applying to the rock. This method of computation brings the plaintiffs in debt to defendant in the sum of $1,177.33. The account stated under this method would stand as follows:

DR.

To rubble rock placed in wall, 2,638 11-22 perches
  at $2 per perch.........................................$5,277.00
To footings rock placed in wall, 1,189 11-22 perches
  at $2 per perch...................................... 2,379.00
                                                        _____
                                                        $7,656.00

CR.

By cash paid plaintiffs ................................. 8,733.33
                                                        _____
By balance due defendant............................. $1,177.33

The plaintiffs insist that this result is erroneous and unjust, and I concur with them in this position. I do not think the masonry work of the plaintiffs, under this con-

tract, can be legally ascertained and paid, according to the measurement which custom has applied to rock from the quarry, and not to rock inclusive of labor, as contained in the finished wall. The plaintiffs submit an account, in which they ignore entirely, the quarryman's measurement, as applied to rock in the wall, and insist that the rock used in the building, although not furnished or supplied by them, should be accounted and paid for under their contract, according to the method of measurement used in ascertaining the amount of masonry as contained in the finished wall, left by the mason or builder. This account stands as follows:

To "rubble masonry" 3,410 11-22 perches at $2,
    $1.10—$3.10 per perch.............................$10,572.55
To "footings masonry" 1,365 4-22 perches at $2, ·
    $3.25—$5.25 per perch............................. 7,167.18

    To total..............................................$17,739.73

By cash to quarryman.....................$6,768.12
By cash to appellants...................... 8,733.33—$15,501.45

    To balance........................................$ 2,238.28

According to this statement, the plaintiffs would be entitled to a judgment against the defendant, in the sum of $2,238.28, after allowing the admitted credits. The defendant insists that this would be erroneous and unjust, and I concur with it in this position. By this method of computation, the plaintiffs would receive pay for 772 perches of "rubble" rock, and 175 15-22 perches of "footings" rock more than actually in the wall, according to the measurement applicable to the material under the prevailing custom. Although the plaintiff furnished no rock at all, they would be receiving over $1,400 on account of such rock— $1,400 more than the rock cost the defendant who did furnish it—$1,400 more than the market price of such rock, as charged and paid by defendant to the quarrymen. There ought to be no doubt about the terms of a contract which

results in such an injustice as this.   The learned judge who tried the case, rejected both statements furnished by the parties, and allowed the plaintiffs the contract price of $2 per perch, for the finished masonry, according to the meas· urement of such work, under the custom applicable to it. He stated the account as follows:

To rubble masonry...........................3,410 11-22 perches
To footings masonry..........................1,365 4-22 perches

        Aggregate of perches..................4,775 15-22

At $2 per perch...........................................$9,557.48
By credits................................................. 8,733.33

        Balance due plaintiffs...............................$   818.15

Judgment for this sum was rendered in favor of plaintiffs with interest, increasing it to $834.51, which was affirmed in the court of appeals.   I agree with these courts in their construction of the contract.   Two things were provided for in its terms, rock for the walls and masonry labor in placing it there.   If the plaintiffs had furnished both, they would have been entitled, under the contract, to be paid for both, according to the customs of measurement, applying to both respectively ; the masonry would be paid for according to masonry measurements, at the contract price of $2 a perch; the rock would be paid for according to the quarryman's measurement, at the exact cost, or market price for such material (which were in this instance identical).   Not having furnished any rock, they are not entitled to charge against defendant either the cost or market price of such material.   It was properly left out of the account as stated by the court.   The misconstruction of this contract by the parties, has evidently arisen from the disconnected placing of a qualifying term, contained in the loose phraseology which was emyloyed.   By a very slight transposition, the true meaning of the contract could· not be mistaken by any one.   The plaintiffs undertook to do the

masonry "for the sum of two (2) dollars (per perch) in addition to the price of rock." The judgment carries out this intention, and it should be affirmed. All concurring, it is so ordered.