McCARTHY *v.* McARTHUR.

Opinion delivered May 11, 1901.

1. GENERAL EXCEPTION TO EVIDENCE raises objection to its competency only. (Page 316.)

2. CONTRACT—PAROL EVIDENCE OF CUSTOM.—Where plaintiff agreed to clear 20 miles of right of way for $12 per acre, parol evidence was admissible to show the existence of a general custom, at the time the contract was made, of paying for clearing a right of way through open fields the proportion of the contract price which such work bore to the work to be done in clearing a right of way through the forest. (Page 317.)

Appeal from Faulkner Circuit Court.

GEORGE M. CHAPLINE, Judge.

*J. W. House,* for appellants.

Parol evidence is always admissible to show how the measurement should be made. 49 N. Y. 64; 9 Gray, 401; 15 Ohio St. 179; 2 Zabriskie, 22 N. J. L. 165; 9 Wend. 346; 15 M. & W. 737. Evidence of usage is received, as any other parol evidence, when a written contract is under consideration. Starkie, Ev. 637-710; 3 Green. Ev. § 276; 69 Am. Dec. 298; 1 Green. Ev. § 292; 18 Mo. 509; 81 Mo. 37; 70 Md. 124; 79 Mich. 307. It was error to exclude the depositions of Dan Carey, Thos. Welsch and Geo. K. McCormack. 86 Ga. 408; 23 Me. 90; 6 Porter (Ala.), 123; 19 Wend. 386; 138 Mass. 375; 43 Am. St. Rep. 870; 106 Ind. 572; 46 Ark. 210; 46 Ark. 222; 56 Ark. 55; 12 N. Y. 40; 114 N. Y. 190; 19 Ark. 276. A general custom not only enters into the contract, but is binding upon both parties. 133 Pa. St. 241; 44 Barb. 541; Clark, Cont. 580; 2 Pars. Cont. 652-655; 3 Ala. 590; 13 Peters, 89; 54 N. Y. 357; 1 Beach, Cont. § 714-15-34; 2 Conn. 69; 12 Wend. 566; 20 Am. Dec. 424; 8 Serg. & R. 533; 81 Mo. 37; 59 Am. Rep. 214; 5 Am. Rep. 241. When a general custom is established, both parties are presumed to have contracted with reference to it. 34 Am. St. Rep. 350; 48 Am. St. Rep. 140; 130 Ill. 73; 41 Minn. 105; 62 Ark. 33. Evidence is admissible to explain the terms of a contract as applied to particular work to be performed. 7 Met. 354; 2 Cush. 271; 100 Mass. 63; 100 Mass. 518; 37 Mo. 313; 27 Vt. 79; 5 Am. Rep. note 241. Conversations, declarations and acts of parties to a contract may be given in evidence to explain the terms thereof. 22 Vt. 160; 1 Starkie, 86; 1 Story (Mass.), 574; 1 Comstock, 96; 92 N. Y. 529; 10 Bosw. (N. Y.), 433; 13 N. Y. 569; 41 N. Y. 644. The plaintiff is estopped from objecting to evidence to prove a general custom, they having first introduced it. 106 Md. 572; 94 Md. 450; 3 Dana (Ky.), 41; 20 Ala. 65; 28 Ala. 601; 29 Ala. 62; 36 Ala. 525; 20 Ohio St. 516; 54 Ark. 25.

*O. L. Miles, Bolton & Young* and *Ratcliffe & Fletcher,* for appellees.

Extraneous evidence is not admissible for purpose of adding more stipulations to a contract. 13 L. R. A. 440; 23 How. 49; 1 Wall. 456; 10 Wall. 589; 20 Wall. 488; 101 U. S. 686; 16 S. W.

172. Custom and usage are resorted to only to ascertain the meaning of the parties. 112 N. Y. 530; 14 Am. Rep. 230; 78 Fed. 151; 95 Va. 50; 83 N. Y. 1073; 30 Iowa, 205; 36 Iowa, 623; 96 N. Y. 522; 134 U. S. 306; 10 Allen, 305-313. Appellants should have pleaded any custom which they contend was a part and at variance with the contract. 76 Iowa, 629; 2 L. R. A. 709. The terms of a written contract cannot be varied by proof of what was said. 46 Ark. 226; 13 Wall. 363; 110 U. S. 499. The proof of any usage, if admissible at all, must be of a uniform and general one, presumably known to the parties. 75 N. Y. 65; 39 Ark. 283; 91 Me. 24. No lien could exist upon the right of way for any work that McArthur or his laborers did. 65 Ark. 183.

*J. W. House,* for appellants, in reply.

Custom need not be averred. 46 Iowa, 433; 53 Iowa, 542; 12 Iowa, 32; 15 How. 539; 10 Am. St. Rep. 669; 87 N. C. 9. All persons are presumed to contract with reference to a general custom, and the same need not be pleaded. 15 Ohio St. 179; Lawson, Usage & Custom, 3-112; Clarke, Usage & Custom, 210; Abbot's N. C. (N. Y.), 471; 7 Hun, 482; 49 N. Y. 641; 51 N. Y. 641; 57 N. Y. 651; 58 N. Y. 373.

BATTLE, J. J. S. McArthur and Wood Rainwater brought an action against J. H. McCarthy and George Reichardt, partners doing business under the firm name and style of McCarthy & Reichardt, upon a contract in the words and figures following:

"Little Rock, Ark., November 29, 1898.

"Memorandum: It is agreed that James S. McArthur is to have the clearing of the right of way, subject to all conditions named in the Choctaw & Memphis specifications. He is to do 20 miles or more as hereafter agreed upon, and to work at such points as is necessary from time to time, for which we agree to pay $12 per acre. * * * No work will be estimated or paid for that is not in strict conformity to the requirements of the Choctaw & Memphis railroad specifications.

[Signed] "J. S. MCARTHUR,
"MCCARTHY & REICHARDT."

They alleged in their complaint that McCarthy & Reichardt and McArthur selected the 20 miles of the right of way of the Choctaw & Memphis Railroad Company which was to be cleared by McArthur under the contract, and that McArthur at once entered upon the work of clearing the said 20 miles of right of way,

and cleared the same to the extent of 12 miles, in accordance with his contract, amounting to 144 acres, of the value of $1,728, of which $300 have been paid, and that there still remain due and unpaid $1,428.

McCarthy & Reichardt, answering, denied that he (McArthur) cleared 144 acres, and alleged that he cleared only 59.39 acres, for which they agreed to pay him at the rate of $12 per acre, making the sum of $664.68, and that they had paid him the sum of $300.

The jury that tried the issues in the action returned a verdict in favor of the plaintiffs for $1,031; and the defendants appealed.

The amount due the appellees for the work done depends upon the meaning of the words and figures, "$12 per acre" in the contract sued on. It appears from the evidence adduced in the trial in this action that a large portion of the right of way which McArthur claims to have cleared passed through farms or open fields, where there was no or very little clearing to do, and that in many places in such farms or open fields he cut only an occasional tree or stump, and in some places did nothing. Appellees contend that they are entitled, for the work done by McArthur, to $12 per acre for the entire area covered by the right of way, without regard to the amount of work done in such farms or open fields; and appellants contend that appellees were entitled to $12 for each acre cleared where the forest had been undisturbed, and for the work done in farms and open fields in clearing the right of way they were entitled to the proportion of $12 that such work bore to that required to be performed in clearing the right of way where the forest was undisturbed.

Appellants offered evidence in the trial, in support of their contention, to prove that it was the general custom in this state to pay for work done in clearing the right of way for railroads through farms and open fields the proportion of the contract price that such work bears to the work to be done in clearing the right of way through the forest. To illustrate: Suppose the contract price was $40 an acre, and that the work of clearing the right of way through farms and open fields was one-tenth of that done in clearing the same through the forest, $4 would be the price paid for the work done in the farms and fields, according to the custom. They offered to prove that this custom was in existence at the time the contract sued on was entered into, and had been for many years prior thereto, in this state and elsewhere. To the admission of this evidence the appellees interposed a general objection.

The ground upon which the objection was based is not stated in the record, and we can consider it only as to the competency of the evidence. *Railway Co.* v. *Murphy,* 60 Ark. 333. The court sustained the objection, and refused to allow the evidence to be adduced, saying: "This is a suit upon a written contract. The price of the labor is fixed in the contract, and also the character of the labor to be done or performed is set out in the contract. Any extra or additional labor is not mentioned, and the court holds that custom and usage have no place in this suit upon this contract."

The contract in question is not entirely free from ambiguity. Appellants agreed to pay McArthur $12 per acre for clearing the right of way for 20 miles. Does it mean that $12 an acre shall be paid for the acres actually cleared, or that the 20 miles, when entirely cleared, shall be paid for according to the number of acres contained in the same? The 20 miles is not specified 'in the contract, but was to be thereafter "agreed upon." Either construction can reasonably be placed upon the contract. Was the excluded evidence admissible?

In speaking of usages and trade, Greenleaf says: "Their true office is to interpret the otherwise indeterminate intentions of parties, and to ascertain the nature of their contracts, arising not from express stipulation, but from mere implications and presumptions, and acts of doubtful and equivocal character, and to fix and explain the meaning of words and expressions of doubtful and various senses." 2 Greenleaf, Evidence, § 251. Again he says: "But though usage may be admissible to explain what is doubtful, it is not admissible to contradict what is plain." *Id.* § 292.

In *Oelricks* v. *Ford,* 23 How. 63, it is said: "This proof is admissible in the absence of express stipulations, or where the meaning of the parties is uncertain upon the language used, and where the usage of the trade to which it was made may afford explanation, and supply deficiencies in the instrument. Technical, local, or doubtful words may be thus explained. So where stipulations in the contract refer to matters outside of the instrument, parol proof of extraneous facts may be necessary to interpret their meaning. As a general rule, there must be ambiguity or uncertainty upon the face of the written instrument, arising out of the terms used by the parties, in order to justify the extraneous evidence; and, when admissible, it must be limited in its effect to the clearing up of the obscurity. It is not admissible to add

to or engraft upon the contract new stipulations, nor to contradict those which are plain."

In *National Bank* v. *Burkhardt,* 100 U. S. 692, it·is said: "A general usage may be proved, in proper cases, to remove ambiguities and uncertainties in a contract, or to annex incidents, but it cannot destroy, contradict or modify what is otherwise manifest. Where the intent and meaning of the parties are clear, evidence of a usage to the contrary is irrelevant and unavailing. Usage cannot make a contract where there is none, nor prevent the effect of the settled rules of law." See also, *Insurance Companies* v. *Wright,* 1 Wall. 456-470; *Hearne* v. *Marine Ins. Co.,* 20 Wall. 492, 493; *Walls* v. *Bailey,* 49 N. Y. 464; *Berkshire, etc., Co.* v. *Proctor,* 7 Cush. 417; *Clark* v. *Baker,* 11 Met. 186; notes to *Wigglesworth* v. *Dallison,* 1 Smith's Leading Cases, Pt. 2 (8th Ed.), 934-965.

In *Walls v. Bailey,* 49 N. Y. 464, the plaintiffs contracted in writing to furnish the materials to do certain plastering for defendant upon his building in Buffalo, and to the work of laying it on. The defendant was to pay them for the work and material a price per square yard. "They included in their bills and charged for the full surface of the walls, without deduction for cornices, base-boards, or openings for doors and windows. To support these charges they proved under objection that it was the uniform, well-settled custom of plasterers in Buffalo so to measure and charge." The court held: "The evidence was proper, the usage not unlawful or unreasonable, and (the evidence) raised a presumption that defendant contracted with reference to the usage."

In *Fitzimmons* v. *Academy of Christian Brothers,* 81 Mo. 37, the "contractors undertook to do the masonry of a building according to plans and specifications for the same, for the sum of $2 in addition to the price of rock per perch, and the evidence showed a custom prevailing, in ascertaining how much masonry had been completed so as to pay the demand of a mason for laying rock in a wall, to count corners twice,—each corner a part of two intersecting walls; also all openings for doors and windows as if they were solid matter." The court held that "the contractors were entitled, under their contract, to a measurement in accordance with said custom."

The evidence of the existence of such usages, where they are uniform, continuous and well-settled, and pertain to the matters of the contract in question, and are reasonable, is admissible for the purpose of placing the court, in regard to the surrounding cir-

cumstances, as nearly as possible in the situation of the parties to the contract to be construed. Such usages, when proved, are used as a means of interpretation of words and phrases in a contract of doubtful signification, on the theory that the parties knew of their existence, and contracted with reference to them. *Barnard* v. *Kellogg,* 10 Wall. 390; *Hearne* v. *Marine Ins. Co.,* 20 Wall. 488; *Walls* v. *Bailey,* 49 N. Y. 464.

Tested by the rule stated, the evidence as to a general custom that the appellants offered to adduce was admissible, and the court erred in excluding it. All other evidence of surrounding circumstances which throw light upon what the parties meant by the use of any ambiguous word or phrase in the contract were admissible for the purpose of explaining, but not to contradict, add to, or vary the contract.

All the rulings of the circuit court as to the admissibility of evidence and the law in this case which are inconsistent with this opinion were erroneous, and should be so considered. No specification of the same is necessary.

Reversed and remanded for a new trial.

WOOD, J., absent.