ALEXANDER *v.* WILLIAMS-ECHOLS DRY GOODS COMPANY.

Opinion delivered December 10, 1923.

1. CUSTOMS AND USAGES—INTERPRETATION OF CONTRACT.—Where the written contract of employment of appellant, a traveling salesman, failed to define his duties explicitly, it was not error to admit evidence of a general custom for traveling salesmen to make collections in their territories, and that appellant had done so under his previous oral contract with his employer.

2. APPEAL AND ERROR—INSTRUCTION—FAILURE TO OBJECT.—The fact that an instruction failed to mention certain defenses was not error where no specific objection was made and the defenses were covered by other instructions.

3. EVIDENCE—TESTIMONY OF BOOKKEEPER.—Testimony of a bookkeeper that he made certain book entries in the usual course of business, knowing, at the time, that they were correct, *held* sufficient to justify admission of statements taken from such books.

Appeal from Sebastian Circuit Court, Fort Smith District; *John Brizzolara,* Judge; affirmed.

*James B. McDonough,* for appellant.

The court erred in construing the contract. 117 Ark. 173; 46 Ark. 210; 9 Ill. App. 183; 107 Ill. App. 32; 65 So. 696; 101 Ala. 368; 19 Okla. 429; 42 W. Va. 430; 164 Mass. 490; 39 Fla. 523; 69 So. 992. A contract must be construed most strongly against the one who drew it. 73 Ark. 338; 115 Ark. 166; 112 Ark. 1; 151 Ark. 81; 12 Pa. C. Ct. Rep. 363; 126 Fed. 831; 173 Fed. 855; 195 Fed. 731; 94 Ark. 493; 78 Ark. 202. It is a well-settled rule of this court that it is the duty of the court to construe a written contract. 101 Ark. 353. The court erred in admitting testimony showing the custom of wholesale grocers. 91 So. 784; 132 Ark. 197; 72 So. 548; 159 Pac. 1084; 59 Atl. 607, 104 Ill. App. 165; 119 Iowa 702; 49 S. W. 462. A custom is only admissible when the contract is doubtful. 186 Mass. 589; 44 N. Y. S. 271; 55 N. Y. S. 583. Custom or usage cannot be substituted for the will of the parties, as expressed in the contract. 48 So. 927; 181 Ill. App. 113; 129 N. W. 54; 150 Iowa 169; 148 Mich. 271; 159 Mich. 583; 125 S. W. 238; 157 N. Y. S. 147; 31 Ohio Cir. Ct. R. 557; 102 Pac. 750. The court erred in admitting the testimony of J. E. Freeze. 136 Ark. 554; 65 Ark. 316; 57 Ark. 402. It was self-serving evidence, and not admissible. 12 Ark. 775; 14 Ark. 159; 94 Ark. 183.

*Daily & Woods,* for appellee.

The court did not err in submitting the question of "custom" to the jury. 109 Ark. 276; 13 Wall. 363; 34 Law ed. 568; 29 Pac. 463; 114 N. Y. 140; 21 N. E. 737; 33 Mich. 348; 69 Ark. 313. The existence of a usage or custom is generally regarded as a question of fact for the jury. 27 R. C. L. 196. The testimony of J. E. Freeze was properly admitted. 136 Ark. 554; 65 Ark. 316; 57 Ark. 402.

SMITH, J. Appellant was employed as a traveling salesman by appellee, Williams-Echols Dry Goods Company, under a written contract covering the year beginning October 15, 1920, and ending October 15, 1921. This contract reads as follows: "This agreement entered into this 15th day of October, 1920, at Fort Smith,

Arkansas, by the Williams-Echols Dry Goods Company, of Fort Smith, Arkansas, and O. A. Alexander, of Fort Smith, Arkansas, as follows: For the compensation of 3 per cent. commission on the total amount of goods sold by O. A. Alexander, as traveling representative for the Williams-Echols Dry Goods Company and shipped by said company, O. A. Alexander does hereby agree to give his undivided service to said company for a period of one year, beginning October 15, 1920, and ending October 15, 1921. It is further agreed that this 3 per cent. commission shall not be paid by the Williams-Echols Dry Goods Company on goods they ship other than those shipped from the stocks of said company. It is also agreed that the amount of all goods returned to the Williams-Echols Dry Goods Company having been sold by O. A. Alexander shall be deducted from the sales of O. A. Alexander as they are returned, and no commission shall be allowed thereon. It is also agreed that goods sold by O. A. Alexander, such as samples and defective merchandise, shall not be included in sales on which a commission shall be paid. The Williams-Echols Dry Goods Company agrees to pay all traveling expenses of O. A. Alexander in performance of his duties as their traveling representative, and agree to pay O. A. Alexander $300 per month for twelve months beginning October 15, 1920. The total of these payments shall constitute a part payment of the 3 per cent. commission to be paid on the total amount of sales made by O. A. Alexander as above described, and shall be deducted from the total amount of commissions earned when full settlement of commissions shall be made on October 15, 1921. Any sum paid to O. A. Alexander during the above stated twelve months in excess of commissions actually earned shall be returned by him to the Williams-Echols Dry Goods Company.

"Williams-Echols Dry Goods Company,
"J. B. Williams, president.
"O. A. Alexander."

Prior to the execution of this contract, appellant had been employed by appellee under a verbal contract for a guaranteed salary and a contingent commission. At the expiration of the year covered by the written contract the parties thereto differed as to the sum which appellant had earned under it, the difference arising chiefly out of the different interpretations placed upon the written contract, and for that reason we have copied it at length.

It was contended by the company that appellant had sold during the year goods amounting to $73,844.95, and that his commissions thereon amounted to $2,215.35, and no more, and, as the company had paid appellant during the year covered by the contract, $300 each month, it claimed to have overpaid appellant the difference, amounting to $1,384.65, on which there was a credit for services rendered after the expiration of the contract, leaving the net amount due it of $1,224.65, and this suit was brought to recover that sum.

Appellant answered and denied owing the company anything. He alleged in his answer that he had been employed as a salesman, and that it was his duty, under the contract, to devote his entire time to the sale of goods, but the company wrongfully required him to devote a large part of his time to making collections, thus interfering with sales which he would otherwise have made and on which he would have earned commissions, and that the company breached the contract by failing to carry a full line of goods such as he had been employed to sell.

There was a trial upon these issues, and a verdict and judgment in favor of the company, from which is this appeal.

Appellant contends that the contract is an unambiguous instrument, and should have been construed by the court, and that a proper construction of the instrument is that he was required only to sell goods, and that any other duty imposed upon him was in violation of the

contract, and that he was entitled to compensation for such services, and was entitled also to the commission which he would otherwise have earned, including the amount which he failed to earn because of the company's failure to carry a proper line of goods.

The court took the view that the contract did not define the duties of a traveling representative, and permitted testimony to be introduced showing what these duties were. This testimony was to the effect that it had long been the custom for traveling representatives to make collections in the territory covered by them, and it was shown also that appellant had previously made these collections. This last testimony was objected to specifically upon the ground that appellant had been previously employed under a different contract, and that, whatever the custom may have been, it could not control the express terms of the written contract.

We think no error was committed in the admission of this testimony. The contract does not expressly define appellant's duties. It does employ him for one year as the company's traveling representative, and did require him to give his undivided services to the company for the period of one year, and it required the company to pay all expenses incurred by appellant in the discharge of his duties. It will be observed that the commission was not to be paid upon all orders taken by appellant, but only on those orders which were filled by shipping the goods, and it is therefore obvious that it was to the interest of both parties that the bills should be paid, thus insuring, so far as the appellant was concerned, the filling of future orders. The testimony also shows that appellant was only required to collect in the territory which he covered as a salesman and from the customers to whom he sold, and that he was given credit for all goods sold in his territory, whether the orders were received by the company through him directly or not.

Inasmuch as the contract did not specify what appellant's duties as traveling representative were, it was not

improper to prove the general custom in relation thereto as a means of interpreting the terms of the contract, and the court did not err in submitting to the jury the questions of fact relating thereto.

In the case of *Robinson* v. *United States,* 13 Wall. 363, 20 L. ed. 653, it was said by the Supreme Court of the United States that: "If a person of a particular occupation, in a certain place, makes an agreement by virtue of which something is to be done in that place, and this is uniformly done in a certain way, by persons of the same occupation, in the same place, it is but reasonable to assume that the parties contracting about it, and specifying no manner of doing it different from the ordinary one, meant that the ordinary one and no other should be followed. Parties who contract on a subject-matter concerning which known usages prevail, by implication incorporate them into their agreements, if nothing is said to the contrary." Numerous other cases are cited in the brief of counsel for appellee, including our own cases of *Walsh* v. *Frank,* 19 Ark. 270; *McCarthy* v. *McArthur,* 69 Ark. 313; *Meyer* v. *Stone,* 46 Ark. 210.

The question of the failure of the company to carry a proper line of goods was submitted, under instructions prepared and offered by appellant, and the jury was also told to find the value of appellant's services in making collections, if he was not required by the custom to make these collections as a part of his duties as the company's traveling representative.

The court submitted these issues under instructions prepared and offered by appellant, but appellant says these instructions were in conflict with instruction numbered 1, given at the request of the company; and, as we have said, appellant also insists that the questions should not have been submitted to the jury at all.

Appellant asked a number of other instructions, which the court refused to give. These we have carefully considered, and have concluded that they either

do not correctly declare the law applicable to the issues joined, or were fully covered by other instructions which correctly stated the law applicable to the relevant issues.

The instruction numbered 1, to which we have just referred, reads as follows: "1. The court instructs the jury that, under the terms of the contract between Williams-Echols Dry Goods Company and O. A. Alexander, the said O. A. Alexander was to draw three hundred dollars per month for 12 months, but said contract further provided that, if 3 per cent. commission on the total amount of goods sold by said Alexander and shipped by the company from its own stock, exclusive of samples, defective merchandise and returned goods, amounted to less than $3,600, then the said Alexander agreed to pay back the deficiency to Williams-Echols Dry Goods Company. So, if you find from a preponderance of the evidence that Williams-Echols Dry Goods Company complied with said contract, and that 3 per cent. of the total amount of goods sold by Alexander and shipped, after deducting the exceptions mentioned above, amounted to less than $3,600, then Williams-Echols Dry Goods Company is entitled to recover the difference between such amount and $3,600."

It is now urged that this instruction leaves out of account the defenses interposed by appellant, and which were covered by the other instructions given by the court. But no specific objection to that effect was made, and we are of the opinion that this objection to the instruction, if it was thought defective in the respect stated, should have been specifically pointed out. The instruction does not undertake to tell the jury what appellant's duties were—other instructions directed the jury to determine that fact; but it does tell the jury that, if the company complied with the contract, that is, imposed no duties not required by the contract, and kept a proper stock of goods—a question which was, as we have said, also covered by other instructions—the company was entitled to recover the excess, if any, paid to

appellant over the commissions earned by him. In the absence of the specific objections indicated, we think no error was committed in giving instruction numbered 1.

Objection was made to the testimony of J. E. Freeze, the bookkeeper for the company. This witness produced a number of statements which he had taken from the books of the company, showing sales made and goods shipped to and goods returned by customers. The objection to this testimony was that Freeze had no personal knowledge of the items embraced in the statement which he had copied from the books. We think no error was committed in the admission of this testimony. Freeze testified that he made the entries in the books from which the statements were made, and that the entries were made by him in the usual course of business, and that he knew at the time he made the entries on the books that they were correct, having been made as the orders were received and the goods shipped out and as goods were returned, and that he had previously made copies for appellant, and which were delivered to and received by him without objection, and that these statements were identical with the monthly statements which he had furnished each month to appellant, and, further, that appellant had personally, from week to week, checked up his commissions with the books and had made no objection to the accuracy of the books. *Bush* v. *Taylor,* 136 Ark. 554.

When the complaint was filed by the company, garnishment was issued and served on C. A. Goodwin, who answered and admitted that he owed appellant $485.15. On the same day appellant sued Goodwin for this amount. The two cases were consolidated, and, by direction of the court, the jury returned a verdict in favor of the appellant against Goodwin, but there was no direction to include the accumulated interest. It appears, however, that no objection was made to this failure, and that that error was not assigned in the motion for a new trial.

No error appearing, the judgment is affirmed.