SHAVER *v.* McKAMEY.

4-9019                                              224 S. W. 2d 819

Opinion delivered December 5, 1949.

*Bon McCourtney* and *Claude B. Brinton,* for appellant.

*Harrell Simpson,* for appellee.

DUNAWAY, J.   This appeal arises from a verdict and judgment awarding the plaintiff, J. L. McKamey, the sum of $661.93 as the balance due on a commission for the sale of the Ritz Theater and its fixtures in Reyno, Arkansas, which property was sold by Harland R. Shaver, appellant.

Appellee, McKamey, entered into an oral contract in May, 1947, to act as broker to obtain a purchaser for the theater business.   The property was sold on June 30, 1947, for the sum of $11,073.86.   Appellee's action was based on his allegation that appellant had agreed to pay him as commission for his services five per cent of the first $10,000, plus fifty per cent of any amount above $10,000 received for the property.   Appellant denied that any definite rate of commission had been agreed upon in advance of the sale, and contended on the other hand, that after the sale was consummated appellee had accepted a check for $375 as full payment of the commission due.

The check in question, dated July 16, 1947, had endorsed on its face "For—Commission in full settlement

on Ritz Theater Sale'' in the handwriting of Shaver. McKamey admitted cashing the check, which he received by mail while he was in a hospital, but denied that the endorsement set out was on the check at that time. Testimony as to the bank records indicated that the check actually did bear these words on its face. McKamey had written several unanswered letters asking about his commission, but no specific sum was mentioned in these letters. The evidence was undisputed that there had been no discussion between the parties concerning the amount of commission due, from the time of the sale until after the check had been cashed.

Appellant complains of a number of things in connection with the trial: A statement made by the court to the jury at the beginning of the trial concerning the issues in the case, questions asked various witnesses, the instructions given and the court's failure to give additional instructions. No objection was made at the trial to the court's statement now complained of, nor did appellant object to the instructions as given or request the court to give any further instructions. Failure to save any exceptions to the actions of the trial court on these matters eliminates them from consideration on appeal.

As to only one point urged by appellant was objection made and exception duly saved. That was on the question of whether it was proper to permit the introduction of evidence concerning commissions customarily charged by real estate brokers in sales similar to the one in this case. In *Greer* v. *Laws,* 56 Ark. 37, 18 S. W. 1038, which also involved a dispute as to the amount of commission due for the sale of real estate, this question was settled. We there held that where the direct evidence was conflicting, it was competent to prove the customary charge by real estate men in such transactions, as bearing upon the probable truth of what was alleged on either side as having been the agreement between the parties.

The judgment is affirmed.