VENTURI, INC. *v.* Wallace ADKISSON

77-66                              552 S.W. 2d 643

Opinion delivered June 27, 1977
(Division II)

856

*Shaver, Shaver & Smith,* by: *Tom B. Smith,* for appellant.

*DeLoss McKnight,* for appellee.

JOHN A. FOGLEMAN, Justice. This case involves the question whether evidence of well-established custom and usage was admissible in evidence in a case where the terms of an oral contract were in dispute. Appellant contended, and introduced evidence to show, that it contracted for appellee to excavate for a boot pit area for a rice dryer for Producers Rice Mill, Inc. at Wynne. According to the evidence introduced on behalf of appellant, defendant below, the contract called for payment at the rate of $2.50 per cubic yard. Appellee's evidence showed the agreement was that the compensation was to be paid at that rate on a "loose yard basis." The difference is that under appellant's concept, the hole excavated would be measured and the compensation paid on the basis of the measured yardage. Under appellee's version one-third of this amount would be added to the yardage determined by this measurement to obtain the loose yardage.

Appellant proffered evidence of a well-established and generally accepted custom and usage in the excavation and

construction industry to pay for such excavation work on the basis of the measured yardage calculated from a cross-section of the excavation. Appellee was in the construction business off and on for eight years. Before entering into the contract, he consulted with an employee, who had been in the earth moving business for 50 years, 13 years of which were in the operation of his own business and 5 years in the employ of appellee. If there was a well-established general custom and usage in the business, appellee should certainly have been aware of it. See *Connelly v. Parkes*, 160 Ark. 496, 255 S.W. 22.

Of course, evidence of custom and usage would not be admissible to vary, contradict or defeat the terms of the contract. *Jackson County Gin Co. v. McQuistion*, 177 Ark. 60, 5 S.W. 2d 729; *Batton v. Jones*, 167 Ark. 478, 268 S.W. 857; *Burton v. Wilson*, 135 Ark. 269, 205 S.W. 655; *National Lumber & Creosoting Co. v. Mullins*, 187 Ark. 270, 59 S.W. 2d 493. If custom and usage is uniform, reasonable and well established, it may govern the terms of a contract and be considered as a part of the contract, unless contradictory to its express terms. *Taylor v. Union Sawmill Co.*, 105 Ark. 518, 152 S.W. 150; *McCarthy v. McArthur*, 69 Ark. 313, 63 S.W. 56; *Paepcke-Leicht Lumber Co. v. Talley*, 106 Ark. 400, 153 S.W. 833; *Davis v. Martin Stave Co.*, 113 Ark. 325, 168 S.W. 553; *Jackson County Gin Co. v. McQuistion*, supra. The evidence offered would have been admissible as an aid to interpretation of the contract and the measuring of its terms if the jury should find that the contract was upon the terms as appellant's witnesses expressed it, because that evidence was that the custom was of such widespread usage that it could be presumed that the contract was made with reference to it. *Ben F. Levis, Inc. v. Collins*, 215 Ark. 172, 219 S.W. 2d 762; *Connelly v. Parkes*, supra; *McCarthy v. McArthur*, supra; *Davis v. Martin Stave Co.*, supra; *Batton v. Jones*, supra; *Wilkes v. Stacy*, 113 Ark. 556, 169 S.W. 796. *See also, Sharpensteen v. Pearce*, 219 Ark. 916, 245 S.W. 2d 385.

But the admissibility of this evidence in this case is not restricted to interpretation of the contract, if its terms were as appellant contends. The circuit judge ruled that it was inadmissible on the issue as to the terms of the contract. This was error. The evidence would not have been admissible if the issue was the existence or non-existence of a contract. *Ft.*

*Smith Refrigeration & Equipment Co.* v. *Ferguson,* 217 Ark. 457, 230 S.W. 2d 943. Usage cannot make a contract where there is none. *McCarthy* v. *McArthur,* supra. But neither party contends that there was no contract. Instead, both maintain that there was a contract. The dispute is about its terms. The question is what the terms of the contract were on the matter of compensation to appellee. Where evidence on this subject is conflicting, evidence of custom and usage is admissible as bearing upon the probable truth of what was alleged on either side as having been the agreement of the parties. *Shaver* v. *McKamey,* 216 Ark. 211, 224 S.W. 2d 819; *Ft. Smith Refrigeration & Equipment Co.* v. *Ferguson,* supra. See also, *Sharpensteen* v. *Pearce,* supra.

In order that our holding be not mistakenly applied, we agree with the trial court that neither the custom and usage of appellant nor its practice under other contracts is admissible in this case, where there was no evidence that appellee had any knowledge of either when the transaction was entered into and it appears that there was no connection between any of the other transactions and that with appellee. *Glidewell* v. *Arkhola Sand and Gravel Co.,* 212 Ark. 838, 208 S.W. 2d 4; *Calhoun* v. *Ainsworth,* 118 Ark. 316, 176 S.W. 316, LRA 1915 E 395; *Forest Park Canning Co.* v. *Coler,* 226 Ark. 64, 287 S.W. 2d 899.

A great deal of appellant's argument rests upon various sections of the Uniform Commercial Code, Ark. Stat. Ann. §§ 85-1-101 et seq (Add. 1961; Supp. 1975). There is nothing in the text of the code to indicate any intention that it apply to the transaction between these parties. Any lingering doubt about the matter may be dispelled by reference to the title of Act 185 of 1961 adopting the code. It reads:

> An Act to be known as the Uniform Commercial Code, Relating to Certain Commercial Transactions in or Regarding Personal Property and Contracts and Other Documents Concerning Them, Including Sales, Commercial Paper, Bank Deposits and Collections, Letters of Credit, Bulk Transfers, Warehouse Receipts, Bills of Lading, Other Documents of Title, Investment Securities, and Secured Transactions, Including Certain

Sales of Accounts, Chattel Paper, and Contract Rights: Providing for Public Notice to Third Parties in Certain Circumstances: Regulating Procedure, Evidence and Damages in Certain Court Actions Involving Such Transactions, Contracts or Documents: to Make Uniform the Law With Respect Thereto: and Repealing Inconsistent Legislation.

This contract does not fall into any category enumerated. Thus, provisions of this code do not govern admissibility of evidence in this case.

The trial court was not in error in denying appellant's motion for a directed verdict. The instructions requested by appellant on the subject of usage of trade were erroneously refused for the same reason we find error in the exclusion of the evidence offered by appellant on the subject, even though its requested instruction no. 1 might have been more artfully drawn.

The judgment is reversed and the cause remanded.

We agree. HARRIS, C.J., and BYRD and HICKMAN, JJ.