FOREST PARK CANNING COMPANY *v.* COLER.

5-860                                                287 S. W. 2d 899

Opinion delivered March 12, 1956.

*Rex W. Perkins* and *Jeff Duty,* for appellant.

*Eugene Coffelt* and *Vol T. Lindsey,* for appellee.

SAM ROBINSON, Associate Justice. Appellant Forest Park Canning Company filed suit against appellee M. C. Coler, a farmer, seeking a judgment in the sum of $3,462.84 alleged to be due on an open account for seed beans and fertilizer sold by appellant to appellee; there was a judgment for Coler. At the trial, it was admitted by Coler that he obtained seed beans and fertilizer of the value stated in the complaint, but it was contended that he had an agreement with Cecil Nail, agent of the canning company, that the beans and fertilizer were to be paid for out of the bean crop only; that Coler was liable for the purchase price only to the extent of the value of the bean crop. Two crops of beans were planted, but due to a prolonged drouth neither crop matured and no beans were gathered or sold. The canning com-

pany denies that Coler's liability for the purchase price was contingent on the production of a bean crop. Without abstracting the testimony here, suffice it to say that the evidence is sufficient to give rise to a question of fact as to the terms agreed upon when the merchandise was sold; it was an issue of fact to be resolved by the jury.

The appellant canning company complains of Instruction No. 6 given by the court. This instruction must be read in connection with Instruction No. 5 which, along with a colloquy between a member of the jury and the court, is as follows:

## INSTRUCTION NO. 5

"The merchandise was received and it is not a question. It is all or nothing. That's the testimony in this case. Nine or more concurring can return a verdict. If unanimous, just one of you sign it as foreman. If it is not unanimous but nine of you concurring must each individually sign the verdict. Any other instructions?

Juror Hefner: Judge, can the jury decide that Nail is agent of the canning company without your giving us the law of agency?

The Court: I can give you one.

Mr. Hefner: I would like to have it.

The Court: I am going to change that. I don't believe the question of agency is a question of fact in this case. I will direct you that agency has been alleged and stated and I don't believe that there is any proof to the effect that there wasn't an agency relationship. So I'll take that question away from you.

Mr. Hefner: In other words, we are not to determine the question of agency?

The Court: That is correct. I am saying that that is not to be determined, that agency has been established sufficiently, so the only question is what the understanding was in the sale of the merchandise."

The appellant objected to the giving of Instruction No. 5, and over appellant's objection, the court then gave

Instruction No. 6, as follows: "It is further stated here that the plaintiff is responsible for the acts of his agent, any action on the part of the agent is within the scope of his authority carries over to the plaintiff." This instruction was erroneous; by it the jury were told, in effect, that, as a matter of law, the principal was responsible for the acts of the agent; notwithstanding, such acts may not have been within the authority, or apparent authority, of the agent.

Nail was not just an ordinary employee of the canning company; the seed beans were bought in St. Louis and charged to Nail; in fact, he has paid for the merchandise, and the canning company, in turn, owes him. The canning company has actually paid out only $650.00 on merchandise valued at more than $3,000.00; Nail paid the balance to the St. Louis people from whom the merchandise was purchased. There was testimony to the effect that Nail was to get a commission from the canning company for buying the matured beans from Coler, and, also, he was going to make a profit out of hauling the beans. Mr. Goff, president of the canning company, testified that Nail had no authority to make a contract on behalf of the company which required Coler to pay for the beans only in the event he made a crop sufficient to pay the account.

In view of the evidence, it cannot be said that, as a matter of law, the agreement which Coler contends Nail made was within the scope, or apparent scope, of Nail's authority as agent; in the circumstances, it was a question of fact for the jury to decide. This court said, in *Firemen's Fund Insurance Company* v. *Leftwich,* 192 Ark. 159, 90 S. W. 2d 497: "In an unbroken line of opinions we have consistently held that the question of agency, and the extent of its power and authority is always a question of fact to be determined from the testimony adduced." See also *Bradley Adv., Inc.,* v. *Froug Stores, Inc.,* 193 Ark. 639, 101 S. W. 2d 789, and *Thompson* v. *Hollis & Company,* 194 Ark. 1, 104 S. W. 2d 1065.

Appellee contends that appellant cannot take advantage of the alleged error in the giving of Instruction

No. 6 because all the instructions are not abstracted. Prior to January 10, 1954, when Rule No. 9 adopted by this court became effective, we had held that an alleged error in the instructions would not be considered unless all the instructions were abstracted. *Hall* v. *Stover,* 215 Ark. 485, 221 S. W. 2d 41. But now, Rule No. 9(d) prevails; it provides: ''The appellant's abstract or abridgment of the record should consist of an impartial condensation, without comment or emphasis, of *only* such material parts of the pleadings, proceedings, facts, documents, and other matters in the record as are necessary to an understanding of all questions presented to this court for decision . . .'' (e) ''. . . If the appellee considers the appellant's abstract to be defective, he may, at his option, submit with his brief a supplemental abstract. When the case is considered on its merits the court may impose or withhold cost to compensate either party for the other party's noncompliance with this rule.'' If the appellee is of the opinion that an error in the giving of an instruction, or failure to give a requested instruction, is cured by the giving of other instructions, it is the duty of appellee to point out such other instructions to the court. Here, there is no other instruction that cures the error in Instruction No. 6.

Appellant also maintains that the court erred in refusing to admit, as evidence, proffered testimony of trade usage in the community pertaining to the making of contracts for the sale of seed and fertilizer, and cites as sustaining the point *Sharpenstein* v. *Pearce,* 219 Ark. 916, 245 S. W. 2d 385. In the case at bar, the proffered evidence related only to transactions made by Nail with others, and not to a trade usage in the community; hence, the evidence does not justify the application of the trade usage rule discussed in the *Sharpenstein* case.

For the error in the giving of Instruction No. 6, the cause is reversed and remanded for a new trial.

Mr. Justice MILLWEE dissents.