GURANTEE TRUST LIFE INS. Co. *v.* KOENIG

5-3830                                              401 S. W. 2d 216

Opinion delivered April 11, 1966

*Phillip Carroll,* for appellant.

*Hubert E. Graves,* for appellee.

FRANK HOLT, Justice. The appellee, the insured, suffered a heart attack and the appellant, the insurer, paid him $100.00 per month for approximately two years. The appellant refused further payments upon the basis that appellee could no longer show his sickness required continuous house confinement within the meaning of the insurance policy. The jury resolved the issue in favor of the appellee and from a judgment accordingly is this appeal.

The pertinent portion of the insurance policy provides:

"If the Insured, because of such sickness, shall be continuously confined within doors and regularly attended therein by a legally qualified physician, other than himself, the Company will pay * * * Monthly Benefits thereafter so long as the Insured lives and suffers continuous confinement; provided such sickness causes continuous total disability and total loss of time."

On appeal the only issue in this case is whether the instructions are deficient since reference to the continuous confinement requirement was excluded. The appellant made specific objections to this exclusion and also offered instructions which included this provision as a factual issue for the jury's determination. The court overruled the specific objections and rejected the proffered instructions. The jury was instructed to return a verdict for the appellee if it found he was unable to perform all the substantial and material acts of his occupation or business.

It is undisputed that the appellee was totally dis-

abled from performing all the substantial and material acts of his occupation as a farmer and duck hunting guide; that he had suffered a total loss of time from his occupation and that he is being regularly attended by his physician who authorizes and directs certain limited outdoor activities.

In view of these undisputed facts the appellee contends that as a matter of law he was in compliance with the house confinement provision and, therefore, the instructions are correct without specific reference to this provision. The appellant asserts, however, that the omission of this feature from the instructions denied appellant the right to have the jury consider a vital factual issue. We agree with the appellant's contention.

The continuous confinement clause in an insurance contract is valid and enforceable. *Michigan Life Insurance Co.* v. *Hayes,* 231 Ark. 614, 332 S. W. 2d 593. Ordinarily, it is a question of fact for the jury to determine whether the insured is confined to the house within the meaning of a confinement provision notwithstanding certain outdoor activities are permitted pursuant to the advice of a physician. *Mutual Benefit Health & Accident Assn.* v. *Murphy,* 209 Ark. 945, 193 S. W. 2d 305; *Colorado Life Co.* v. *Steele,* 101 F. 2d 448 (8th Cir. 1939); *Occidental Life Ins. Co. of California* v. *Sammons,* 224 Ark. 31, 271 S. W. 2d 922. Only recently we have said that a confinement clause does not have the identical meaning as total disability. *Michigan Life Ins. Co.* v. *Hayes, supra.* In the case at bar the appellant had the right to have the jury consider the continuous confinement provision in the policy along with total disability, loss of time, and the other evidence. An instruction embodying these elements was approved by us in *Mutual Benefit Health and Accident Assn.* v. *Rowell,* 236 Ark. 771, 368 S. W. 2d 272.

Appellee insists that appellant waived any valid objection to the instructions inasmuch as appellant has not abstracted all the instructions given by the court.

This would have been tenable prior to 1954 when we adopted Rule No. 9. By this rule [9 (d) and (e)] if the appellee considers appellant's abstract of the instructions insufficient and that the alleged error in the giving or refusing of an instruction is cured by unabstracted instructions, then "it is the duty of the appellee to point out such other instructions to the court." *Forest Park Canning Co.* v. *Coler,* 226 Ark. 64, 287 S. W. 2d 899. In the case at bar it appears no such curative instruction was given.

Nor can we agree with appellee's contention that appellant waived the policy provision requiring "continuous confinement within doors." It is asserted that appellant paid the appellee for over two years upon the assumption of continuous confinement and without the proof it now requires. This policy provides for the payment of sickness benefits on a monthly basis. The appellant had the right to require proof of sickness from time to time as a condition of the continuing payment of these monthly benefits.

Reversed and remanded.