Ches WILLIAMS *v.* Frank W. FLETCHER

CA 79-231                                    593 S.W. 2d 48

Opinion delivered December 19, 1979
Released for publication January 23, 1980

*Rieves, Rieves & Shelton,* by: *Connie Lewis Mayton,* for appellant.

*Nance; Nance, Fleming & Wood,* for appellee.

DAVID NEWBERN, Judge. The appellee, an accountant, brought suit for beach of an oral, contingent fee contract for accounting services. The services were performed for the appellant with the object of seeking a reduction of a U.S. government claim for delinquent taxes which accrued over a four year period. The appellee alleged the appellant had agreed to pay one fourth of the difference between what the appellant would ultimately be required to pay and what the government claimed to be due. The appellee was awarded a judgment of $12,229.26, and the appellant appealed to the Arkansas Supreme Court, mainly alleging the appellee's evidence was not sufficient to have gone to the jury. The case was assigned to us pursuant to Rule 29 (3), and we affirm the judgment.

The appellant has asked us to consider three alleged errors. In his third point he contends the trial judge improperly refused to give an instruction that the appellee was required to prove by a preponderance of the evidence and with reasonable certainty the amount of the tax deficiency stated by the U.S. Internal Revenue Service (IRS) and the deficiency ultimately determined to exist. The appellant did not furnish an abstract of the instructions given by the court, and thus we decline to consider this point. It has long been the rule that an appellant in a civil case who complains of failure to give a proffered instruction must set out or abstract the instructions given. See *Ellis* v. *State,* 267 Ark. 960, 590 S.W. 2d 309 (Ark. App. 1979), in which this court discussed the rule as it has been applied in civil cases and misdemeanor criminal cases and held that it applied even to felony conviction appeals. See also, Rule 9 (d) of the Arkansas Supreme Court and Court of Appeals.

Before discussing the appellant's first two points, we

must state these additional facts. The appellant was, in 1973, under investigation for federal income tax evasion. In a meeting between IRS officials and the appellant, his lawyer and the appellee, who had been hired as appellant's accountant in 1972, IRS officials stated the appellant owed additional taxes of $198,623.43 for the years in question, according to the appellee's testimony.

The appellee testified that after the criminal aspects of the case had been disposed of, he met with the appellant and they agreed that, in addition to the standard hourly rate the appellee had been paid, he would be entitled to one fourth of the amount he was able to "save" for the appellant. The appellee's testimony at the trial was that he had with him in March of 1975, and on the day the alleged agreement was reached, a copy of a worksheet upon which he had calculated the IRS claim to be $189,828.29. That figure was, according to the appellee, based on a report which had been filed by Treasury Department agents in the criminal proceedings and was the "latest" estimate of the government's claim. The appellee testified the figure was provided to the appellant at the time they agreed on the contingent fee.

In his first point, the appellant contends a verdict should have been directed in his favor because the entire evidence of the original claim, or "starting figure," of the IRS from which the "savings" were to be determined was the testimony of the appellee which was contradicted by the previously taken deposition of the appellee. For this proposition, the appellant cites a number of Tennessee cases, the most recent of which is *Gambill* v. *Hogan*, 30 Tenn. App. 465, 207 S.W. 2d 356 (1947). The statement of the law the appellant asks us to apply from that case is, ". . . when a witness both affirms and denies a proposition, without explanation, the fact as to which he testifies remains unproven. [207 S.W. 2d at 361]."

We have no quarrel with that statement of the law, but it does not apply here. The appellee's testimony in his deposition was revealed at the trial when the appellant's counsel had the appellee read certain parts of it for the purpose of impeaching his trial testimony. At the trial, the appellee's

testimony was that upon his deposition he had said from the outset he had presented to the appellant the figure $189,-828.29 as the claim of the IRS, as of the time of the alleged agreement, and that it was based on preliminary IRS agent reports. The appellee freely admitted in his deposition he did not know at that time how much of that money he could "save" the appellant. At one point in his deposition he said the figure was not the basis of the law suit. At the trial, the appellee said that if he had made such a statement in his deposition it was a mistake, as the suit was based on that figure from its outset.

Unlike the cases cited by the appellant, this is not one where the witness was vague and uncertain or where he made two diametrically opposed and irreconcilable sworn statements at different times. Here the appellee had one lapse in his deposition testimony which must be regarded as insignificant when viewed in the context of the other testimony in the deposition. Although the deposition was not introduced in evidence, enough of it was read by the appellee in the appellant's attempt to impeach his trial testimony to make it clear the appellee was firm in both his statements that both he and the appellant knew the figure upon which their agreement was based. We hold that if the appellant's misstatement could be regarded as sufficient to invoke the rule the appellant would have us apply, it was "explained" when viewed in the context of all the testimony we have examined.

Contingent fee contracts such as this one between an accountant and a client under attack by the IRS have not been the subject of cases decided by us or by our supreme court. Other jurisdictions have dealt with them, however, and have found them inoffensive, even where a fiduciary relationship existed between accountant and client, *Jorge* v. *Rosen*, 208 So. 2d 644 (Fla. App. 1968), or where the actual work done by the accountant seemed grossly insufficient in relation to the fee to be determined in this manner. *Gladding* v. *Langrall, Muir & Noppinger*, 401 A. 2d 602 (Md. App. 1979). Such an agreement is sufficiently definite as to the price of services, as the amount can be determined by the court without any new expression by the parties. 1 Corbin, *Contracts*, § 98, p. 433 (1963).

The other point raised by the appellant is that the verdict is not supported by substantial evidence. We assume this argument is based on a supposition we would find the testimony of the appellee worthless. To the contrary, we find the appellee's testimony constitutes substantial evidence, and we find no reason to disturb the jury's verdict or the judgment.

Affirmed.

Supplemental opinion on Denial of Rehearing
delivered January 23, 1980

## PER CURIAM

In his motion for rehearing, the appellant has correctly pointed out that Rule 9 does not require an appellant to abstract all the instructions given by the court as a predicate to objection on appeal to failure by the trial court to give an instruction proffered by the appellant. *Guaranty Trust Life Insurance Company of Chicago, Illinois* v. *Koenig*, 240 Ark. 650, 401 S.W. 2d 216 (1966); *Forest Park Canning Company* v. *Coler*, 226 Ark. 64, 287 S.W. 2d 889 (1956).

We cited *Ellis* v. *State*, 267 Ark. 960, 590 S.W. 2d 309 (Ark. App. 1979), as a case in which the majority opinion explained the history of the abstracting requirement, not as a precedent binding on the parties in this case. Our historical discussion in *Ellis* was incomplete, however, as it left out the *Guaranty Trust* and *Forest Park* cases cited above.

966

We will not, however, depart from a requirement that an appellant abstract at least the instruction proffered where the basis of appeal is failure of the trial court to have given it. We regard that requirement as fairly set out in Rule 9 (d). The rationale for the rule and the requirement as we apply it here will be found in *Bank of Ozark* v. *Isaacs, et al,* 263 Ark. 113, 563 S.W. 2d 707 (1978).

Nor will we consider the failure to abstract cured by mention of the omitted matter in the brief of the appellee where no supplemental abstract is filed. Rule 9 (e); Smith, *Abstracting the Record,* 31 Ark. L. Rev. 359, 368 (1977).

Here neither party abstracted any instruction given or proffered. The appellent did set out the proffered instruction in the argument portion of his brief, and the appellee set out in the argument portion of his brief the comparable instruction that was given by the court. As stated, that does not comply with the abstracting requirement.

In view of this failure, we persist in our refusal to give formal and full consideration to the appellant's point. However, we can assure the appellant that even in our origianl consideration of the case we did not completely ignore the point although we decided to base our decision on the abstracting lapse. To the extent we were able to consider the point, it was apparent to us the court correctly instructed the jury it was the appellee's burden to prove the terms of the contract and it was not necessary for the court to have used the word "price" or to have specifically instructed the jury in the manner the appellant's argument suggests was requested at the trial.

Rehearing denied.