Janice NEWBERRY *v.* Paul JOHNSON

87-287                                              743 S.W.2d 811

Supreme Court of Arkansas
Opinion delivered February 1, 1988

*Janice Newberry*, pro se.

*Wright, Lindsey & Jennings*, for appellee.

TOM GLAZE, Justice. This is an appeal from the trial court's granting of a judgment notwithstanding the verdict and a new trial to the appellee in an attorney malpractice case. Because the case involves a question in the law of torts, the court assumes jurisdiction of the case pursuant to Rule 29(1)(o) of the Arkansas Rules of the Supreme Court. Appellant, who represented herself below and does so again on appeal, urges two points for reversal: (1) The court erred in granting appellee's motion for judgment notwithstanding the verdict and his alternative request for a new trial and (2) the court erred in failing to instruct the jury on punitive damages. We hold the court erred by entering judgment for appellee after setting aside the jury verdict rendered in appellant's favor. However, we affirm the court's alternative decision to grant the appellee a new trial. *See* ARCP Rule 50(c)(1).

This case evolved from a divorce, which was entered on April 30, 1982, between appellant and her husband, James Newberry. Later that same year, the Internal Revenue Service investigated Mr. Newberry's failure to file returns for the years 1979, 1980 and 1981, and Newberry engaged appellee, an attorney, who represented him regarding his tax problems. In January 1983, appellant met with her husband, the appellee and an IRS agent, Michael Pitts, and during that meeting, she signed a joint income tax return, thereby obligating herself along with Mr. Newberry for the delinquent taxes and penalties due for the foregoing three years.

On January 9, 1986, appellant filed this lawsuit, alleging that the appellee negligently and intentionally misled the appellant by giving her false information upon which she relied when signing the joint return in 1983. Appellant later amended her complaint, adding the following: that the appellee knew or should have known the appellant was relying on the false information appellee provided her, that this information resulted in her becoming liable for taxes due under the return, that appellee engaged in a conflict of interests, and that appellant was entitled to punitive damages in addition to the $350,000 damages alleged in her original complaint. Appellee answered, denying all of appellant's allegations. At trial, the jury returned a verdict in

favor of the appellant in the sum of $30,000, and appellee duly moved for the verdict to be set aside or alternatively for a new trial. The trial court set aside the verdict and dismissed appellant's complaint with prejudice, stating the appellant offered no competent evidence of fault or breach of duty on appellee's part. The trial court found that it should have granted appellee's earlier motions for directed verdict. In accordance with Rule 50(c)(1) of the Arkansas Rules of Civil Procedure, the trial court further ruled that, if the court's judgment for appellee is reversed, appellee's motion for new trial is granted because the award of damages was not supported by the proof.

It is settled law that a trial court may set aside a judgment when the court is of the opinion that there is no substantial evidence to support the jury verdict, and one party is entitled to a judgment as a matter of law. *Findley* v. *Time Ins. Co.*, 269 Ark. 257, 599 S.W.2d 736 (1980). On appeal we review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the party against whom the judgment n.o.v. is rendered. Substantiality of evidence is a question of law. *Id.* at 259, 599 S.W.2d at 738. This court has defined substantial evidence as that evidence which is of sufficient force and character that it will, with reasonable certainty and precision, compel a conclusion one way or another. It must force or induce the mind to pass beyond a suspicion or conjecture. *Aluminum Co. of Am.* v. *McClendon*, 259 Ark. 675, 535 S.W.2d 832 (1976).

In reviewing the evidence most favorable to appellant, we recount that pertinent testimony given by appellant and her witnesses. Although conflicting testimony was presented on the issue, appellant testified that when she signed the joint return during her meeting in January 1983 with appellee, her former husband and Pitts, the IRS agent, appellee told her that according to the Newberry's divorce decree, "You [appellant] would not be responsible [for the taxes], and the only reason you have to sign these papers is because you were married to Jimmy [Newberry] at the time." She further said that her prior dealings with appellee never indicated she had any reason to believe appellee would involve her if it was not necessary. Appellant related that Mr. Pitts asked her, "Do you know what you're signing?", and she responded, "No, I don't have any idea what I'm signing." Appellant stated that the only thing she knew is what the appellee

had told her.

Pitts's account as to what occurred at the January 1983 meeting was that he had asked appellant if she knew what she was signing, but that, before appellant could fully respond, appellee interjected something like, "Jimmy [Newberry], based on the divorce decree, is to pay all debts up to a certain date, and that he's responsible for the tax, and if he pays it, she wouldn't have to." Pitts stated that he was satisfied that the income in question for the three-year period was Mr. Newberry's and that, if Newberry had filed a separate return for that period, his tax liability would have been greater. Pitts concluded that the Internal Revenue Service unsuccessfully tried to collect the delinquent taxes from Newberry but has since sought the taxes and penalties from the appellant.

Appellant's final witness, Joyce Kinkead, a Little Rock tax attorney, testified that appellant had earned no income in either 1979 or 1981 and was not required to file a federal income tax return. Kinkead testified that the Newberrys' divorce decree did not alleviate appellant from liability to the Internal Revenue Service and that appellant became liable when she signed the joint return even though she, personally, may have had no reported income.

The record clearly reflects evidence which conflicts with appellant's, and in doing so, supports the position that appellee only represented that appellant would not be liable so long as Mr. Newberry paid the taxes owed under the joint return. There was also testimony given by Mr. Williams, an Internal Revenue Service investigator and witness called by appellant, who lauded appellee's fairness as well as his capabilities as an attorney. Nonetheless, when we view the evidence in the light most favorable to the appellant, we are unable to hold the evidence was insubstantial and could not support the jury's verdict.

Although we reverse the trial court's setting aside the judgment and dismissing appellant's complaint, we affirm its granting the appellee's motion for new trial. When the trial court grants a motion for a new trial, the standard on review is whether there is a manifest abuse of discretion. *Carr* v. *Woods*, 294 Ark. 13, 740 S.W.2d 145 (1987). A showing of an abuse of discretion is

even more difficult when a new trial is granted because the beneficiary of the verdict which has been set aside has less basis for a claim of prejudice than does one who has unsuccessfully moved for a new trial. *Id.* Rule 59(a) of the Arkansas Rules of Civil Procedure gives the trial court the power to grant new trials for grounds materially affecting the substantial rights of a party, including error in the assessment of the amount of recovery, whether too large or too small, and where the verdict is clearly contrary to the preponderance of the evidence. *Id.* at 14, 740 S.W.2d at 145-146.

Here, the jury returned a verdict against the appellee in the sum of $30,000—a figure which is totally unsupported and far exceeds the evidence presented by the appellant. Appellant owed money to the Internal Revenue Service and, at the same time, was entitled to some small refunds from it. In testifying, she was unable to relate the actual amount she owed. Appellant offered one exhibit reflecting the total amount due the Internal Revenue Service on the joint return was $13,152. She also said she owed her tax attorney $1,486.10. In sum, we can find nothing in the record which even comes close to establishing her damages at the excessive amount the jury awarded her. Accordingly, we hold the trial court did not abuse its discretion in granting appellee a new trial.

■ Finally, we note appellant's argument that the trial court erred in refusing to submit a punitive damages instruction to the jury. While we do not require an appellant to abstract all the instructions given by the court as a predicate to objection on appeal to failure by the trial court to give an instruction proffered by the appellant, we do, under Rule 9(d) of the Rules of the Supreme Court, require the appellant to abstract at least the instructions proffered where the basis of appeal is the failure of the trial court to have given them. *See Guarantee Trust Life Ins. Co. of Chicago, Illinois* v. *Koenig*, 240 Ark. 650, 401 S.W.2d 216 (1966); *Williams* v. *Fletcher*, 267 Ark. 961, 644 S.W.2d 946 (Ark. App. 1980). Here, the appellant altogether failed to abstract the punitive damages instruction in question or any of the proceedings below that dealt with the trial court's rejection of that instruction. Therefore, we do not consider this point on appeal.

For the reasons given above, we reverse the trial court's decision which entered judgment dismissing appellant's cause, but we affirm its decision setting aside the jury verdict and granting the appellee a new trial.