Gilberto RODRIQUEZ *v.* STATE of Arkansas

CR 88-142                                  773 S.W.2d 821

Supreme Court of Arkansas
Opinion delivered July 10, 1989

*Darrell F. Brown & Associates, P.A.*, for appellant.

*Steve Clark,* Att'y Gen., by: *J. Denchammcclendon,* Asst. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. Appellant Gilberto Rodriquez was convicted by a jury of possession with intent to deliver a controlled substance, 320 pounds of cocaine, and was sentenced to life imprisonment and fined $250,000.00. He argues on appeal that the trial court erred in not granting his motion to suppress since the traffic stop of the vehicle he was driving was a pretext and not based on probable cause, resulting instead from an impermissible "profile stop" that rendered the subsequent warrantless and otherwise unjustified search of the vehicle unlawful. Appellant further argues his trial was characterized by abuses of discretion and other irregularities that individually and collectively worked to deny him due process of law. We find no error and affirm.

At about 3:00 p.m. on December 19, 1987, Arkansas State Police Officer Steven Cook was on routine patrol traveling south on Interstate 55 near Osceola. It was foggy and raining hard at the time. Officer Cook observed a silver Lincoln coming from the opposite direction and determined the vehicle was speeding, which was confirmed by radar showing the Lincoln to be going 70 in a 65 mph zone. Cook drove his vehicle across the median with the intent of stopping the driver to issue a warning citation. The Lincoln exited from the interstate and proceeded almost one mile to the driveway of a house trailer.

Cook parked behind the Lincoln whereupon appellant exited the car and offered to produce a birth certificate as identification in lieu of a driver's license. Upon determining that Rodriquez had no connection with the people in the trailer, Cook requested that appellant back his car out of the driveway before producing the birth certificate. After Cook had moved his patrol unit, Rodriquez backed his vehicle into the street but then proceeded to flee the scene at a high rate of speed. Cook pursued Rodriquez and requested a backup. Eventually, the vehicle Rodriquez was driving became stuck in the mud on an air strip nearby. Cook's vehicle also became mired in the mud, and he continued his pursuit on foot since Rodriquez had abandoned the Lincoln with the engine running and the front door open.

While Cook and other officers who arrived at the scene

searched for Rodriquez, a deputy remained with the vehicles on the air strip. Rodriquez was later apprehended, arrested for fleeing and driving with a suspended driver's license, given his *Miranda* rights, and transported to a local detention center. The Lincoln was removed from the mud by officers at the scene and was driven to a service station used by the Arkansas State Police for towing services with the intent that the vehicle's contents would be inventoried.

En route to the service station, the officer driving the Lincoln observed three rolled cigarettes on the floorboard and a clear plastic baggie containing a green leafy substance he believed to be marijuana. Once the vehicle was examined at the service station, it was discovered that the trunk contained a cardboard box and five duffle bags secured with padlocks. The contents of one of the bags was visible through a small opening that revealed the presence of a white powdery substance. The officers closed the trunk and secured the vehicle at another location where an inventory of the contents of the trunk produced approximately 302 pounds of what was later determined to be cocaine.

Rodriquez first contends the traffic stop of the vehicle was a pretext and this was actually a profile stop because, he argues, "it looked peculiar [to Officer Cook] for a Hispanic man to be traveling in Arkansas in a Lincoln Town Car." The argument is without merit.

In reviewing a trial judge's ruling on a motion to suppress, we make an independent determination based upon the totality of the circumstances and reverse only if the ruling was clearly against the preponderance of the evidence. *Campbell* v. *State*, 294 Ark. 639, 746 S.W.2d 37 (1988). Officer Cook testified it was foggy and raining hard at the time he observed Rodriquez coming towards him. He concluded that appellant was speeding, and his observations were confirmed by radar which clocked the Lincoln at 70 mph in a 65 mph zone. Under the circumstances then existing, Cook was clearly warranted in stopping the vehicle. In this regard, Ark. Code Ann. § 27-51-201(a)(1) (1987) provides that no person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. Section 27-51-201(d) provides that consistent with the

requirements of subsection (a), "the driver of every vehicle shall drive at an appropriate reduced speed . . . when special hazard exists with respect to . . . or by reason of weather or highway conditions."

■ Cook testified his only intent was to issue a warning citation. He further testified that at no point during his initial observation of the vehicle was he able to distinguish the driver's features, and he did not notice that the vehicle had Texas plates until he parked his patrol unit behind the Lincoln at the house trailer. Suffice it to say, we find the argument that the stop was pretextual or based upon a "profile" entirely unconvincing. The trial court did not err in denying appellant's motion to suppress on this point.

■ Rodriquez next challenges the trial court's determination that the search of the Lincoln was lawful. In upholding the search, the trial court relied upon several theories, but Rodriquez argues that neither exigent circumstances, abandonment, plain view, inventory, nor search incident to a lawful arrest can support the officers' conduct. We need not address these issues because Rodriquez is not the owner of the vehicle nor does he assert any interest in the contraband. Therefore, he does not have standing to question the search. *Tippitt* v. *State*, 294 Ark. 342, 742 S.W.2d 931 (1988); *Rakas* v. *Illinois*, 439 U.S. 128 (1978).

Rodriquez testified he was unemployed and was approached by someone at a bar in Texas who offered to pay him to drive the Lincoln to Chicago. Rodriquez would not identify the person he met in the bar and stated he had not had any other dealings with the individual. Nor could he identify the owner of the Lincoln, and he specifically denied recognizing the name of the registered owner when asked to do so at trial. Furthermore, he would not disclose the name of the individual living at the address where he went to pick up the Lincoln. Rodriquez testified it was his impression he was hauling marijuana in the car. He candidly conceded that he did not own the cocaine later discovered in the trunk. Finally, he testified that whereas he knew where he was supposed to drop the car, he had no idea who was to meet him, and he was simply to return to Texas by plane.

■ Even if we were to find that appellant had standing to challenge the search of the Lincoln, he clearly abandoned any

expectation of privacy he might have had in the vehicle or its contents when he fled from the officer at the air strip with the car running and the door open. In this respect, we find the case is controlled by our recent decision in *Cooper* v. *State*, 297 Ark. 478, 763 S.W.2d 70 (1989), where we approved the abandonment theory set forth in *Thom* v. *State*, 248 Ark. 180, 450 S.W.2d 550 (1970), as it applied to cases involving defendants who flee from officers leaving behind an unlocked vehicle. *See* 1 W. LaFave, *Search and Seizure* § 2.5(a) (1987), and cases discussed therein.

In his final argument, Rodriquez takes a shotgun approach sprinkling this court with, to use his expression, a "plethora" of alleged irregularities and abuses of discretion which he argues mandate reversal. He contends: (1) the court erred in denying a continuance so that defense counsel could better prepare for the case and respond to last minute evidence presented by the State; (2) the prosecution failed to make certain material subject to discovery available in a timely fashion; (3) the prosecutor further impermissibly made reference to the marijuana found in the car and also calculatedly sought to inflame the passions of the jury; (4) the jury selection process was fraught with error; and (5) the court erred in its ruling with respect to chain of custody as concerns introduction of unspecified evidence.

As to points (2) and (5), Rodriquez fails to identify the material that was not timely furnished or what evidence was subject to a chain of custody challenge. As to point (1), the denial of a motion for continuance is within the sound discretion of the trial court, and this court will reverse only upon a showing of an abuse of discretion. *Wilson* v. *State*, 297 Ark. 568, 765 S.W.2d 1 (1989). Appellant has neither demonstrated an abuse of discretion by the trial court nor shown how he was prejudiced, especially since any additional efforts on counsel's part with respect to the search issue would have been futile given appellant's lack of standing. We find no merit whatsoever to the challenge of the jury selection process under point (4).

We have reviewed appellant's argument that the prosecution impermissibly made reference to the marijuana and calculatedly sought to inflame the minds of the jurors, as well as all objections of record decided adversely to appellant. *See* Rule 11(f) of the Rules of the Supreme Court; Ark. Code Ann. § 16-91-113

(1987). We find no error.

Affirmed.