UNION NATIONAL BANK of Little Rock *v.*
Mary DANESHVAR

CA 90-185                                        803 S.W.2d 567

Court of Appeals of Arkansas
Division I
Opinion delivered February 20, 1991.
[Rehearing denied March 20, 1991.]

*Michael S. McCrary*, for appellant.

*Stephen K. Cuffman*, for appellee.

ELIZABETH W. DANIELSON, Judge. Appellee, Mary Daneshvar, brought an action against the appellant, Union National Bank, to recover funds paid from her account as a result

of two forged checks totalling $12,000. Judgment was for the appellee in the full amount of damages requested, plus prejudgment interest and attorneys' fees.

Appellant asserts three points of error on appeal: (1) the trial court erred in refusing to grant appellant's motion for a directed verdict, (2) the trial court erred in refusing to give a jury instruction that if appellee had received the benefit of the funds, the bank's liability should be reduced accordingly, and (3) the trial court erred in refusing to instruct the jury on comparative fault. Because we agree with the appellant that there was sufficient evidence to justify the submission of the question of appellee's negligence to the jury, we reverse and remand. We also address the other issues to the extent that they are likely to arise on retrial.

Appellee opened a checking account with the appellant bank in March 1984. She was the only person authorized to draw checks on the account. Appellee testified that on February 24, 1987, she discovered two checks were missing from her checkbook. She reported the missing checks to the bank, and a few days later she went to the bank to inquire about her balance. At that time, she learned the missing checks had been paid and the balance of her account was $12,000 less than it should have been. She was advised by the branch manager that she needed to sign an affidavit so the bank could pursue the matter. At that time she told the manager she suspected her husband had taken the money, but that she wanted to think about it further before signing the affidavit because her husband had threatened her in the past. Subsequently, she questioned her husband, but he denied having taken the money from her account.

On March 3, 1987, appellee's husband gave her a letter from Superior Federal stating that the balance in that account was $10,541.48. This account at Superior Federal was a joint account to which both parties had access. Appellee testified to having written several checks on this account in the past. Appellee's husband told her he borrowed the money that was in this account from a friend in order to establish proof of funding which she needed for citizenship purposes. The day after she received the letter she went to Superior Federal to get copies of the letter and found out all but $351.48 had been withdrawn. Appellee learned

later that the Superior account reflected that the entire proceeds from the forged checks had been deposited in early February into that account, though they were subsequently withdrawn.

Later in March or April, appellee's husband admitted taking the money from her Union account. She signed the affidavit required by the bank on April 9, 1987, five to six weeks after she discovered the missing checks and the $12,000 reduction in her account. The affidavit was signed over a month after she got the letter from Superior Federal stating their joint account had a balance of approximately $10,500.

On April 13, 1987, appellee filed for divorce. The divorce decree, rendered August 3, 1987, states that the parties entered into a property settlement agreement and recites the items divided between the parties. The decree is silent as to the proceeds of the forged checks. As part of the property settlement agreement, appellee signed an affidavit certifying that she had in her possession all items of personal property to which she was entitled.

Appellant first contends that the trial court should have granted its motion for a directed verdict because the appellee either received the benefits of the forged instruments through the property settlement or ratified the unauthorized signatures by signing the property settlement agreement. When presented with a motion for directed verdict, the trial court must view the evidence, with all reasonable inferences, in the light most favorable to the party opposing the motion, giving the evidence its highest and strongest probative value. *Arkansas Valley Electric* v. *Davis*, 304 Ark. 70, 800 S.W.2d 420 (1990). The trial court noted that it could find no evidence to trace the funds from the forged instruments to the property settlement agreement. The property settlement agreement and the affidavit were silent as to the disposition of any monetary funds. Because the jury could, on the evidence presented, reasonably find that the appellee did not receive the benefit of the forged checks or ratify the unauthorized signatures, the denial of the directed verdict will not be reversed.

Appellant next contends that the trial court erred in refusing to instruct the jury that if appellee had received the benefits from the forged checks, the appellant's liability must be reduced accordingly. There was no evidence presented from

which the benefits from the forged checks could be traced to the property settlement agreement. Instructions should be based on the evidence in the case, and instructions submitting matters on which there is no evidence should not be given. *Newman v. Crawford Constr. Co.*, 303 Ark. 641, 799 S.W.2d 531 (1990).

■ Appellant's third argument is that the trial court improperly refused to instruct the jury on comparative fault. Appellant submitted an instruction pursuant to Ark. Code Ann. § 4-3-406(2) (Supp. 1989), which states:

> In all actions between banks . . . and their customers where it is contended that both parties' conduct contributed to or caused the loss, their respective fault in causing the loss shall be compared under Arkansas law of comparative fault, § 16-64-122.

The trial court stated it did not believe there was any evidence of negligence on the part of appellee. We agree there was no evidence of any negligence in the making of the unauthorized signatures and that no instruction on this point was warranted. However, under the facts and circumstances of this case, we find there was sufficient evidence to justify submitting to the jury the question of whether appellee's conduct after the forgery contributed to her loss.

The trial court erroneously denied the instruction based on Ark. Code Ann. § 4-3-406(2) (Supp. 1989), which would allow the jurors to compare the respective fault of the parties in causing the loss. Accordingly, we reverse and remand for proceedings not inconsistent with this opinion.

Reversed and remanded.

MAYFIELD and ROGERS, JJ., agree.