Billy D. PARKER and Jessie P. Parker, Individually, and as Husband and Wife *v.* Dana HOLDER

93-338                                                      867 S.W.2d 436

Supreme Court of Arkansas
Opinion delivered December 13, 1993
[Rehearing denied January 31, 1994.]

*Lane, Muse, Armand, & Pullen*, by: *R. Keith Arman*, for appellant.

*Wright, Chaney, Berry, & Daniel, P.A.*, by: *Benny M. Tucker*, for appellee.

DAVID NEWBERN, Justice. This is an automobile accident liability case. The appellants, Billy and Jessie Parker, appeal from a judgment based on a jury verdict in favor of the appellee, Dana Holder, who was the defendant. They raise two points of error. First, they argue the Trial Court erred in refusing to instruct the jury with respect to Ms. Holder's duty while driving as stated in Ark. Code Ann. § 27-51-201(d) (1987). Second, the Parkers contend the Trial Court erred in applying Ark. R. Evid. 615 and excluding their expert witness, an accident reconstructionist, from the courtroom during the trial. We agree that the Court erred in refusing the proffered instruction, and the judgment is reversed. We address the witness exclusion issue as one which may arise upon retrial.

The Parker and Holder vehicles collided at the intersection of State Highway 84 and a graveled county road. Ms. Holder testified she was traveling west on Highway 84 at 60 to 65 miles per hour and thus in excess of the 55 miles per hour speed limit. The Parkers alleged Ms. Holder was negligent in failing to slow in the curve and in failing to keep a proper lookout. Ms. Holder was cited for speeding, and Ms. Parker was cited for failure to yield. Ms. Holder denied negligence and asserted the Parkers were wholly responsible for the accident. The jury found no liability on the part of Ms. Holder.

## 1. The proffered instruction

We first note that the jury instructions given in this case were not included in the abstract or the record. In *Guarantee Trust Life Ins. Co.* v. *Koenig*, 240 Ark. 650, 401 S.W.2d 216 (1966), the appellant complained that the Trial Court had given erroneous instructions and had improperly refused to give a proffered instruction. The appellee contended the appellant had waived the error by failure to abstract all the instructions given. We referred to Arkansas Supreme Court Rule 9, the predecessor of our current Rule 4-2, and stated:

> . . . if the appellee considers appellant's abstract of the instructions insufficient and that the alleged error in giving or refusing of an instruction is cured by unabstracted instructions, then "it is the duty of the appellee to point out such other instructions to the Court."

*See also Newberry* v. *Johnson*, 294 Ark. 455, 743 S.W.2d 811 (1988); *Williams* v. *Fletcher*, 267 Ark. 961, 644 S.W.2d 946 (Ark. App. 1980) (supplemental opinion on denial of rehearing).

■ In the *Newberry* case we said, "While we do not require an appellant to abstract all the instructions given by the court as a predicate to objection on appeal to failure by the trial court to give an instruction proffered by the appellant, we do . . . require the appellant to abstract at least the instructions proffered where the basis of appeal is the failure of the trial court to have given them."

The instruction proffered by the Parkers was based on Arkansas Model Jury Instruction 903 which provides a format for instructing a jury that violation of, in this case, a statute may be evidence of negligence. In refusing the proffered instruction, the Trial Court mentioned that AMI 904 and 907 would "cover it." AMI 904 deals with using caution when approaching an uncontrolled intersection, and AMI 907, right of way. In a note on use to AMI 904, the Supreme Court Committee on Model Jury Instructions (Civil) states: "This instruction should be followed by AMI 907. It is recommended that this instruction be given in lieu of Ark. Code Ann. § 27-51-501 in the format of AMI 903."

Apparently the Trial Court chose to do just as the Committee recommends, but we still do not know what the jury was told. Although the Trial Court mentioned he thought AMI 904 and AMI 907 would "cover it," we cannot tell from the record that either of those instructions was given. It would create a dangerous precedent indeed if we were to give up our insistence that a party relying on appeal upon an instruction supposedly given by the Trial Court include it in the record verbatim. Although AMI 904 and AMI 907 do not, many of the model instructions contain bracketed phrases and sentences which permit variations in usage. Our *per curiam* order of April 19, 1965, in which we

approved the model instruction concept specifically refers to use of non-AMI instructions "when an AMI instruction cannot be modified." If a party were permitted to omit the verbatim transcription of the instruction given from the record and then simply say that the instruction was given by reference to an AMI number, we would not know what the jury was told. No doubt we could look to the record to affirm in this case if we could see there that AMI 903 would have been incorrect or its necessity obviated by the giving of other instructions. Absent the ability to do so, we must decide whether the giving of the proffered instruction based on AMI 903 would have been proper and whether the refusal to give it prejudiced the Parkers in the absence of any other instruction.

In the words of our ruling in the *Guarantee Trust Life Ins.* case, "if [Holder] consider[ed] appellant's abstract of the instructions insufficient and that the alleged error in giving or refusing of an instruction is cured by unabstracted instructions, then 'it is the duty of [Holder] to point out such other instructions to the Court.'"

Here is the instruction proffered by the Parkers:

THERE WAS IN FORCE IN THE STATE OF ARKANSAS AT THE TIME OF THE OCCURRENCE A STATUTE WHICH PROVIDED: ARK CODE ANNOTATED 27-51-201

Section (d) The driver of every vehicle shall drive at an appropriate reduced speed when approaching an intersection and when approaching and going around a curve and when special hazards exist with respect to other traffic or by reason of highway conditions.

A violation of one or more of these, although not necessarily negligence, is evidence of negligence to be considered by you along with all the other facts and circumstances in the case.

As noted above, AMI 903 is designed to allow a court to instruct a jury that violation of a statute, while not necessarily an act of negligence, may be considered along with other facts and circumstances as evidence of negligence. The model

instruction permits the court to summarize or quote the statute in question. Here the proffered instruction presents a correct statement of the law reflected in the statute. Our longstanding rule has been that it is the duty of the judge to instruct the jury, and each party to the proceeding has the right to have the jury instructed upon the law of the case with clarity and in such a manner as to leave no grounds for misrepresentation or mistake. *W.M. Bashlin Co.* v. *Smith*, 277 Ark. 406, 643 S.W.2d 526 (1982).

Counsel for Ms. Holder objected that the instruction had no application to the case and also had the effect of telling the jury that she had a duty to reduce her speed as she crossed over the bridge when there was no such requirement. We cannot agree with that assertion. While it is true that there was no evidence submitted concerning the actual distance of the curve with the advisory speed limit from the point of impact, there is testimony from which the jury could have concluded that the failure to slow in the curve was a factor contributing to the collision. Also, it was undisputed that the legal speed limit at the intersection where the collision occurred was 55 miles per hour, and the proffered instruction suggests nothing to the contrary. It clearly would require the exercise of caution when approaching an intersection as well as while driving in a curve.

The Court rejected the instruction saying finally:

> Well, the testimony in this case — it has no bearing. The testimony in this case by the Defendant is that she slowed for the curve, and that she speeded up after the curve; therefore, that curve is completely out of this intersection, and I believe it would be error to give the instruction as it is written.

The Parkers argue that the failure of Ms. Holder to slow to an appropriate speed in the curve and her excessive speed approaching the intersection were connected and that, therefore, the instruction was supported by the evidence. Their argument also asserts that the Trial Court made erroneous observations concerning the testimony of Holder and the distance of the curve from the intersection.

Various cases are cited in support of the proposition that it is error to refuse an instruction which is supported by the evi-

dence. *See, Harkrider* v. *Cox*, 230 Ark. 155, 321 S.W.2d 226 (1959), and *Bonce* v. *S.R. Thomas Auto Company*, 127 Ark. 217, 208 S.W.2d 306 (1949). *Rodriquez* v. *State*, 299 Ark. 421, 773 S.W.2d 821 (1989), is also correctly cited for the proposition that one must reduce speed when facing a special hazard. Additionally, *Hunter* v. *McDaniel Const. Co.*, 274 Ark. 178, 623 S.W.2d 196 (1981), is cited in support of the proposition that it is error for a court to fail to instruct the jury with respect to a statute applicable to the case. Further, *Ark. Power & Light* v. *Dillinger*, 188 Ark. 401, 66 S.W.2d 291 (1934), and *St. Louis I.M.& S. Railway Co.* v. *Chamberlin*, 150 S.W. 157 (1912), are cited for the proposition that where the degree of danger increases, the degree of care should likewise increase.

Ms. Holder cites *Riddell* v. *Little*, 253 Ark. 686, 488 S.W.2d 34 (1972), for the proposition that a negligence instruction should not be given where the alleged negligent act is not a proximate or contributing cause of the injury. She argues there was no testimony that the curve or the speed in the curve was a cause contributing to the collision and also cites *Hunter* v. *McDaniel Const. Co., supra*, for the statement that it is error to instruct the jury on an inapplicable statute. While there is no direct testimony stating such a conclusion there is conflicting testimony from which the jury could have concluded that her actions connected with the curve were a factor in the collision. One of the last questions asked of Ms. Holder was:

> Q: And if you've observed the advisory speed sign of 35 miles an hour and slowed down to 35 like the speed sign advised you, do you think the accident would have happened?
>
> A: No.

By this admission Ms. Holder provided an evidentiary basis from which the jury could have concluded the failure to slow as advised in the curve contributed to this accident. It was a disputed fact question which was for the jury to determine.

Ms. Holder also argues the instruction was abstract as defined in the *Harkrider* case, and *Union Nat. Bank of Little Rock* v. *Daneshvar*, 33 Ark. App. 171, 803 S.W.2d 567 (1991), which cites *Newman* v. *Crawford Constr. Co.*, 303 Ark. 641, 799 S.W.2d

531 (1990). Finally she argues that the instruction was covered by AMI 901 which instructed the jury concerning actual or potential hazards and cites *Hopper* v. *Denham*, 281 Ark. 84, 661 S.W.2d 379 (1983), for the proposition that a party is not entitled to repetitious or redundant instructions. Again, we cannot tell from the abstract or record what instructions were given.

Instructions should be based on the evidence in the case, and instructions submitting matters on which there is no evidence or stating only abstract legal propositions should not be given. *Davis* v. *Davis*, 313 Ark. 549, 856 S.W.2d 284 (1993); *Newman* v. *Crawford Constr. Co.*, *supra*. On the other hand, it is error to exclude a requested instruction if there is evidence which supports its utilization. In the *Davis* case the Court excluded a portion of AMI 501 directing the jury that there may be two or more proximate causes of an injury. We said, "[t]he appellants correctly state that it is error to exclude the second paragraph of AMI 501 when there is evidence that an injury may have resulted from two or more concurrent causes." We ultimately held the error harmless in light of the comparative fault instruction which was given, but central to the determination of error was our review of the facts and our finding that there was some evidence that the appellee might have participated in causing the wreck, pointing specifically to the testimony of the appellant.

Nor was the proffered instruction abstract. The critical distinction between this case and the opinion in the *Hunter* case supports this conclusion. In the *Hunter* case the proffered instruction was characterized as "a compilation of numerous statutory provisions regarding the transportation of trailers." We concluded, "[s]everal of these sections were inapplicable to the facts presented" and found that the proffered instruction contained mere abstract statements of law.

The seminal case on this very instruction is the *Harkrider* case. Mr. Cox was passing a truck on a straight stretch of Highway 67 in heavy fog conditions when the collision occurred. The instruction given over his objection referred to an intersection, a curve, a hill crest, and hazards regarding pedestrians, none of which were facts in the case. The instruction was therefore determined to be abstract, and we concluded the Trial

Court should have omitted the reference. Here there is testimony concerning the existence of the curve, the existence of the intersection, at least some suggestion of the proximity of the curve to the intersection, the speed at which Ms. Holder was traveling, and the effect of her failure to slow in the curve. These items make the proffered instruction far from abstract.

In the absence of other instructions, the proffered instruction was a correct statement of the law. It was relevant in the circumstances of the case, and it should have been given.

### 2. Exclusion of the expert

Arkansas Rules of Evidence 615 provides:

> Exclusion of witnesses. — At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion. This rule does not authorize exclusion of (1) a party who is a natural person, or (2) an officer or employee of a party that is not a natural person designated as its representative by its attorney, or (3) a person whose presence is shown by a party to be essential to the presentation of his cause.

The Parkers argue that exclusion of their expert accident reconstructionist was error because he was a person falling into the third category of those not authorized for exclusion. We cannot agree. The expert in this case had prepared his testimony concerning the speed of the Holder vehicle prior to trial based on his review of depositions and other documentary evidence. He testified that the condition of the road surface affected his calculations as to how the accident happened. There was evidence that the road had been resurfaced between the time of the accident and the time he made his calculations. He was forced to admit that his original calculations would be incorrect were the surface not the same at the time he made them as it had been at the time of the accident.

Rulings dealing with the exemptions from this Rule are within a trial court's discretion. *City of Crossett* v. *Pacific Bldg., Inc.,* 298 Ark. 520, 769 S.W.2d 730 (1989); *Blaylock* v. *Strecker,* 291 Ark. 340, 724 S.W.2d 470 (1987). We are unable to find any

indication that the expert for the Parkers intended initially to base his opinion on the testimony of other witnesses heard in the courtroom.

There was no testimony from other witnesses which could not have been given to Mr. Atkinson in the form of hypotheses for his consideration on the witness stand. He did, in fact, alter his testimony when it was suggested the highway had been resurfaced. In the absence of a showing of some prejudice, the exclusion of the witness was not an abuse of discretion.

As for their argument that Mr. Atkinson was needed for rebuttal of Ms. Holder's testimony, there was nothing to rebut. Ms. Holder admitted driving in excess of the maximum 55 mile per hour limit at all critical times. She did not deny allegations with respect to the condition of the road or the way the collision occurred. The Trial Court did not err in excluding Mr. Atkinson from the courtroom during the trial.

Reversed and remanded.

DUDLEY, CORBIN, and BROWN, JJ., dissent.

ROBERT H. DUDLEY, Justice, dissenting. Perhaps every lawyer who has appealed a case and written a brief pursuant to our rules has envisioned the horror of the appellate court affirming, which in effect dismisses the appeal, on the basis of then Rule 9, now Rule 4-2 of the Rules of the Supreme Court and Court of Appeals. The majority opinion reaches out to make that horror come true in this case; so far out that in reality it misapplies the rule and reverses the trial court because appellee, not appellants, failed to abstract two pattern instructions. The case is being reversed for an alleged error that every member of this court knows did not occur.

Appellants contend that the court erred in refusing to give proffered instruction AMI 903. Appellee responds that it was not necessary to give the proffered instruction because the trial court gave AMI 904 and 907, and, as the trial court ruled, they were sufficient to instruct the jury on the issue. The instructions given are neither abstracted nor in the record. The abstract reflects only that appellants proffered AMI 903. The majority opinion holds that this court will not consider whether the instructions given were

sufficient because appellee, not appellants, did not abstract them, and that constitutes a violation of Rule 4-2. The majority opinion cites *Guarantee Trust Life Insurance Co.* v. *Koenig*, 240 Ark. 650, 401 S.W.2d 216 (1966), as authority for its holding. I cannot agree.

This case is clearly different from *Koenig*, and ought to be distinguished from it. In the *Koenig* case, we said that when an appellee argues that the refusal to give a proffered instruction was cured by other instructions, "'it is the duty of the appellee to point out such other instructions to the court.'" *Koenig*, 240 Ark. at 653, 401 S.W.2d at 218 (quoting *Forest Park Canning Co.* v. *Coler*, 226 Ark. 64, 287 S.W.2d 899 (1956)). The other instructions were not pointed out in *Koenig*. Here, the curative instructions are pointed out. The trial court is quoted as saying, "I think 904 and 907 will cover the fact situation." There was no discussion about modifying the pattern instructions. Both 904 and 907 are complete model instructions. Neither has alternative sections. There is simply no question about the wording of the two instructions.

The majority opinion provides: "Apparently the Trial Court chose to do just as the Committee [on Model Jury Instructions (Civil)] recommends, but we still do not know what the jury was told. Although the Trial Court mentioned he thought AMI 904 and 907 would 'cover it,' we cannot tell from the record that either of these instructions was given." I agree that the trial court did what the Committee recommends, but cannot agree that we do not know whether the insutructions were given. The jury was given the instructions with the AMI numbers on them. For example, the record reflects that in closing argument defense counsel said, in part:

> 903 is an instruction which says that—I'm sorry, it's 901 for any of you that might be listening to me. 901 is the one that says. . . . (Tr. 194)

> That's 907—that instruction number. And 907 says—I'm going to look at it. It says.... (Tr. 201)

> 603 says. . . . (Tr. 204)

Appellee states that AMI 904 and 907 were given and the

trial court followed the Committee's recommendation in refusing 903. Appellants do not dispute that 904 and 907 were given. In summary, the trial court said it was going to give 904 and 907; the record reflects that appellee made arguments that were based on the trial court's having given the model instructions; appellee argues that they were given; and appellants do not dispute the fact they were given. Every member of this court knows that AMI 904 and 907 were given just as the model instructions provide. It is unfair not to consider the instructions on the ground that this court does not know whether the instructions were given, and it is a misapplication of Rule 4-2 to so hold. This case is clearly distinguishable from *Koenig, supra.*

CORBIN and BROWN, JJ., join in this dissent.